Welch, J.
The errors assigned simply raise the question, whether the court of common pleas erred in rendering judgment for the plantiff below — in other words, whether the *550 plaintiff, under the circumstances, should be permitted to recover the purchase money bid for the land.
It is not denied that Wick has all the rights of the special master who made the sale, and that he may prosecute them in this form of suit, in his own name. Nor is it contended now, although it was insisted upon in the common pleas, that the case is within the statute of frauds, for want of a sufficient written memorandum of the contract of sale. But it is claimed, that Mayer ought not to be compelled to execute the contract: 1. Because the special master had no power to make the sale, and can, therefore, convey no title. 2. Because of the long delay, and the dilapidation of the property consequent thereon.
Whether the power of the court to appoint a special master in such case, is to be referred to the immemorial usage of courts exercising chancery jurisdiction, or is to be derived from the positive provisions of the code of civil procedure, we entertain no doubt of the existence of such power.
The code certainly contains no provision directly denying or abrogating the power, although its universal exercise must have been known to the legislature at the time of its enactment. But it is claimed that the exercise of the power is inconsistent with the provisions of the code, in relation to the appointment and qualification of master commissioners (secs. 611 and 612). These sections provide for the appointment of regular masters, for a term of three years. So did 'the chancery practice act of 1831, sec. 62; and no one ever supposed that the latter act took away the power of courts to appoint special masters. We see.no evidence in the code, of an intention to deny, or to curtail, the inherent powers of courts to cause the execution of their own orders and decrees. On the contrary, it seems to us, that if we were compelled to look to the code alone for the power, it might be found in sec. 583. That section reads as follows:
“ Sec. 583. The court or judge, for good cause, may appoint a person to serve a particular process or order, who shall have the same power to execute it which the sheriff has. The person may be appointed on the motion of the party obtain *551 ing the process or order, and the return must be verified by affidavit. He shall be entitled to the fees allowed to the sheriff for similar services.”
No good reason is apparent why an order for the sale of specific property is not an “order,” within the meaning of this section. To sell and convey the property, in pursuance of it, is to “ execute ” that order; and the statute, “ for good cause” — which must be presumed — authorizes the appointment of any person for that purpose.
The preceding section (582) had provided for the necessity of a special appointment, arising from the fact that both the sheriff and coroner are interested. But numerous other cases of necessity might arise. The regular master might also be interested. The three offices might all be vacant, or the incumbents unable to act. These, and other possible contingencies that might arise, leaving the court without power, effectivelymnd promptly, to cause its own process and orders to be served and executed, seem to be provided for in sec. 588. The special appointee is here granted “the same power to execute the order, which the sheriff has;” and by sec. 896 the sheriff has all the powers of a master commissioner. The existence of such a power is eminently necessary to the administration of justice, and it seems, at all times, to have been exercised by the courts of the state, to a considerable extent since, as well as before, the enactment of the code of civil procedure; and to hold it abrogated, unless in the face of unequivocal language to that effect, would be unwarranted and unwise.
Such special appointee is a mere agent, pro hae viee, of the court, and is not to be regarded as a.n “officer” within the meaning of the 7th section of the 15th article of the constitution, requiring all persons chosen or appointed to office under the state, to tahe an oath of office. The fact that his return is required to be verified by affidavit, shows that he is not a “ master commissioner,” within the meaning of sec. 612 of the code, which requires such officers to be sworn, and to give bond, before entering upon the duties of their offices. Un *552 doubtedly, tbe court may, and perhaps in all cases should, require such bond and oath of the appointee; but the law does not make them indispensable, and the matter is left to the discretion of the court.
As to the objections, that the return was not verified by affidavit, and that the special master had. no power to swear the appraisers, it is enough to say, that they do not go to the power óf the master to make the sale, and to convey the premises. These were mere irregularities, and are cured by the order of confirmation, behind which we can not go, so long as it remains in force.
The other ground of defense — the long' delay, and consequent depreciation of the property — seems to us also untenable. It was competent for the purchaser, as well as for the plaintiff, at any time after the return of sale, to invoke the action of the court, either to set aside or to confirm the sale. Either event would have put an end to the suspense, and showed the purchaser what his rights were. To omit so to do, was to acquiesce in the delay. One party seems as much at fault, in the matter of delay, as the other. The purchaser not only failed to make any motion to set the sale aside, or to confirm it, but he never notified, or required, the other party, or the master, to do'so. The delay, then, is no good answer to the action of the master’s assignee upon the contract. It is the delay of both parties, and does not exonerate either.
But there is another answer.to this defense. The question of its sufficiency — the question whether, under all the circumstances, the contract of sale ought to be rescinded, has already been adjudicated. A motion Avas made by Mayer to rescind the contract — to set the sale aside — and that moti.on was heard and decided. The powers of the court hearing the motion were plenary over the subject matter, extending to all equitable as well as legal grounds for setting the sale aside. The parties, having omitted to take measures for a review of that decision upon error, or otherAYise to impeach it by direct proceeding, are concluded by the decision, and bound to execute the contract.
*553 We think the special master has power to execute the contract of sale, by making a deed .to Mayer, and that the circumstances, especially after the whole matter has once been passed upon by the court, furnish no good reason why he should not he compelled to pay the purchase money.
The judgment of the district court is affirmed.
Brinkerhoee, C.J., and Scott, .Day and White, JJ., concurred.